### STATE v. FRANK H. McGILL.

WASHINGTON COUNTY, 1893.

Before : ROSS, CH. J., ROWELL, MUNSON AND START, JJ.

*Evidence.    Common nuisance.    Government license.*

1.  The indictment was for keeping a common nuisance where intoxicating liquor was unlawfully sold, and the evidence of the prosecution tended to show that the respondent kept such a place with his brother, under the firm name of E. E. McGill & Co.  A witness, who had charge of the place for a time, testified that when he made his trade to take charge he consulted the respondent, and was referred by him to his brother, who, the respondent said, was interested with him in the place.  *Held*, that the witness might further testify that the respondent then told him that he had whiskey of a certain brand which he should place there for sale, and that such whiskey was subsequently brought by respondent's father.

2.  The prosecution might show that the respondent made application for a government license to sell intoxicating liquor in the State of Vermont in the name of E. E. McGill & Co., and what was said in that connection, it not appearing that any license was actually issued.

Information for the keeping of a nuisance where intoxicating liquor was unlawfully sold.  Plea, not guilty.  Trial by jury at the March term, 1893, Taft, J., presiding.  Verdict and judgment of guilty.  The respondent excepts.

The evidence of the prosecution tended to show that the respondent, together with his brother, kept a nuisance where intoxicating liquor was unlawfully sold, at No. 122 Main St.,

in the village of Montpelier, under the firm name of E. E. McGill & Co. The respondent testified that his brother was the owner and keeper of the place, and that he had no interest in the business.

One Evans testified in behalf of the prosecution that he had charge of the place from January 30, 1893, until March 4 of the same year; that when he made his contract for service he had some talk in the first place with the respondent, and was referred by him to his brother, E. E. McGill, who, the respondent said, was interested with him in the place. Having so testified he was allowed to further testify, subject to the objection and exception of the respondent, that at the time of this conversation with the respondent the respondent said to him that he had several cases of whiskey of a certain brand put up in square bottles which he was going to place on sale at No. 122 Main St., and that subsequently the father of the respondent brought certain whiskey to that place for sale, which corresponded with this description.

Charles Forbes, deputy collector of internal revenue, was allowed to testify, subject to the exception of the respondent, that the respondent had made application in the name of E. E. McGill & Co., the same being signed by the respondent, for a United States license for the sale of intoxicating liquor within the district embracing the territory of the State of Vermont; that he had received the application and the money from the respondent, and forwarded the same in regular course of business to the collector.

*Lord & Boynton* and *John G. Wing* for the respondent.

The court improperly received the testimony of Forbes in reference to the government licence. The only proper evidence in that respect was the license itself, or a properly authenticated record of the same. *Harris* v. *Whitcomb et al.*, 4 Gray 434; *Durkee* v. *Central Vt. Rd. Co.*, 29 Vt.

127; *Whitford* v. *Tutin et al.*, 10 Bing. 395; *Sebree* v. *Dorr*, 9 Wheaton 558; 1 Stark Ev. *329; 1 Greenl. Ev. s. 84.

*Z. S. Stanton*, State's Attorney, and *H. A. Huse* for the State.

The testimony of Forbes was properly admitted as to the facts and circumstances which transpired at the time of the making of application for license by the respondent. 1 Stark. Ev. s. 7; *Richardson* v. *Turnpike Co.*, 6 Vt. 496; *State* v. *Burpee*, 65 Vt. 1.

The opinion of the court was delivered by

START, J.   The testimony of John Evans was properly received.   It tended to show that the respondent was one of the owners or keepers of the place in which it was claimed a nuisance was kept.   The witness had negotiations with the respondent with reference to taking charge of the place. The respondent told him that his brother Edward was interested in the saloon, and that he wanted that he should see him.   Witness did so, and concluded a contract with the brother and took charge of the saloon.   The respondent told witness he had two or three cases of whiskey of a certain brand, put up in square bottles, which he was going to put into the place to be sold; and the week following, and after witness commenced work under his contract, whiskey of the description and brand named was brought to the place by the respondent's father and sold by witness.

This testimony, taken together, tended to show that the respondent was one of the owners or keepers of the place in question.   The fact that the respondent's father brought whiskey to the place, standing alone, was not admissible, but, taken in connection with the testimony tending to show that the respondent told the witness that he was going to

send whiskey of the description and brand brought by the father, it was admissible. It had a tendency to show that the respondent did furnish whiskey for sale at the place in question. It is fairly inferable, from the fact that whiskey of the description and brand that the respondent said he was going to send to the place for sale came to the place, that the respondent sent it.

It is claimed that the court erred in allowing the witness Forbes to testify that the.respondent made application for the issue of a government license to E. E. McGill & Co., covering territory embracing the State of Vermont, and that the facts testified to by him could only be proved by the license itself or a record of the same. It does not appear that the respondent ever made application for the issue of a license to himself, or that one was ever issued to him or to E. E. McGill & Co. We think, as bearing upon the issue of fact, it was allowable for the prosecution to show what the respondent had to do with procuring an application to be made for the issue of a license to E. E. McGill & Co., and what was said by the respondent at the time the application was made. It was claimed on the part of the prosecution, and the testimony tended to show, that the respondent was a part owner and keeper of the saloon in question, and that he was in company with his brother, doing business under the firm name of E. E. McGill & Co. The respondent claimed and testified that his brother was the owner and keeper of the saloon. The fact that the respondent made application for the issue of a license to E. E. McGill & Co. for the sale of intoxicating liquor rendered the claim of the prosecution more probable and that of the respondent less probable. It not appearing that a license was issued, the testimony was properly received.

*Judgment that there is no error, and that the respondent take nothing by his exceptions.*